# WILLIAM J. YOUN v. BELT LINE BRICK COMPANY.[1]

## November 26, 1915.

### Nos. 19,351—(50).

**Conditional sale.**

Action for price of machine. Two verdicts for plaintiff. *Held*: The verdict is not clearly against the evidence, and it is not so manifest from the evidence that the sale was conditional as to justify the court in so declaring as a matter of law. [Reporter.]

1 Reported in 154 N. W. 1102.

Action in the municipal court of Minneapolis to recover $250 for the machine described in the complaint. The case was tried before Bardwell, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for the amount demanded. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Cray & Eaton*, for appellant.

*Grotte & Bowen*, for respondent.

PER CURIAM.

Defendant is engaged in the manufacture of brick and other like products, in some of which unslacked lime is employed. The lime is placed in a receptacle and by workmen raked over grates therein and thus rendered suitable for use, by the elimination of foreign matter. A dust arises from the lime while thus prepared, and workmen cannot long endure the same, and their hours of labor in this particular work are limited. One of the defendant's employees conceived the idea of a machine to take the place of the raking process, and he and plaintiff constructed, at considerable cost, such a machine. It was subsequently tried out at defendant's plant, and defendant offered evidence to the effect that it proved unsuccessful. Certain changes were made in the machine, and plaintiff claims to have sold it to defendant at the agreed purchase price of $250. The machine was delivered at defendant's place of business. This action was brought to recover the purchase price some three years after the date of the alleged sale. Defendant denied the purchase, and claimed that the machine was a failure and was never used by it in its operations. Plaintiff had a verdict, and defendant appealed from an order denying its motion for judgment or a new trial.

The only question presented is whether the verdict for plaintiff is clearly against the evidence. We have read it with care and are unable to reach that conclusion. There have been two trials of the action, resulting in each instance in a verdict for plaintiff. The first was set aside by the court and a new trial granted, and the second verdict has the approval of the trial court. We discover no reason for interference. The suggestion that the sale, if any was made, was conditional, is not so manifest from the evidence as to justify this court in so declaring as a matter of law.

Order affirmed.